Gerald D. Wixted, Esq.
ATTORNEY ID: 54545
**Dilworth Paxson, LLP**
2 Research Way
Princeton, New Jersey 08540
(609) 924-6000
gwixted@dilworthlaw.com

*Attorneys for Plaintiff Navigators Specialty Insurance Company*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY, : : : Plaintiff, : : v. : : BOOTHWYN PHARMACY, LLC, : : Defendant. : : : | CIVIL ACTION NO.: **COMPLAINT** |

Plaintiff Navigators Specialty Insurance Company ("Navigators"), by and through its counsel, Dilworth Paxson, LLP, by way of complaint against defendant Boothwyn Pharmacy, LLC ("Boothwyn"), respectfully states as follows:

**NATURE OF ACTION**

1. Navigators files this action seeking a declaration that Navigators owes no obligations to Boothwyn under Navigators policy number CE 19HCPZ03SLNC (the "Navigators Policy") in connection with all claims asserted against Boothwyn in a civil action styled <u>Animal</u>

<u>Medical Center of Orland Park, Inc. v. Boothwyn Pharmacy, LLC, et al.</u>, Case No. 1:21-cv-00391, currently pending in the United States District Court for the Northern District of Illinois (the "AMC Action").

## THE PARTIES

2.  At all times material hereto, Navigators is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Hartford, Connecticut, and is licensed to do business in Pennsylvania.

3.  Upon information and belief, at all times material hereto, Boothwyn is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Kennett Square, Pennsylvania and is licensed to do business in Pennsylvania.  Furthermore, based upon searches of publicly available information, on information and belief, none of the members of Boothwyn are citizens of either the State of New York, or the State of Connecticut.

## JURISDICTION AND VENUE

4.  This Court can exercise its jurisdiction over this action under 28 U.S.C. § 2201 ("The Declaratory Judgment Act"), which allows for the filing of a declaratory judgment action in federal court.

5.  This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the opposing parties are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

6.  Venue is properly laid before this Court under 28 U.S.C. §1391(b)(1) & (2) because, on information and belief: (i) Boothwyn resides in this district; and (ii) a substantial portion of the events or omissions giving rise to the claims in the AMC Action occurred in this district.

**THE AMC ACTION**

7. In the AMC Action, the complaint (the "AMC Complaint") alleges that, on or about October 27, 2020, the plaintiff received an unsolicited fax advertisement from Boothwyn. The plaintiff further alleges that the fax referred to the Boothwyn website which offers goods and services that would be of use to a veterinary practice.

8. The AMC Complaint also avers that the plaintiff and Boothwyn had no prior relationship, and that Boothwyn violated the plaintiff's rights in sending the fax.

9. The plaintiff in the AMC Action also alleges, on information and belief, that Boothwyn had sent the fax and similar advertisements to at least 40 other persons. As a result, plaintiff purports to bring the claims on behalf of all other similarly situated entities or persons who received similar faxes. The plaintiff further seeks certification of a class of all similarly situated persons or entities.

10. The AMC Complaint contains four different counts. In Count One, the plaintiff alleges that Boothwyn's transmission of the fax violated the terms of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq, (the "TCPA").

11. In Count Two, the plaintiff also alleges that the transmission of the faxes constituted unfair acts and practices that violated the Illinois Consumer Fraud Act.

12. In Count Three of the AMC Complaint, the plaintiff asserts a claim of conversion based on the allegations that Boothwyn's unsolicited faxes improperly converted to Boothwyn's own use ink or toner belonging to AMC.

13. In Count Four of the AMC Complaint, the plaintiff asserts a claim for Trespass to Chattels. In support of the Count, the plaintiff alleges that Boothwyn's transmission of the fax interfered with AMC's use of AMC's receiving equipment.

## NAVIGATORS' APPOINTMENT OF COUNSEL TO DEFEND BOOTHWYN SUBJECT TO A RESERVATION OF RIGHTS IN CONNECTION WITH THE AMC ACTION

14. Boothwyn tendered the defense of the claims in the AMC Action to Navigators under the Navigators Policy.

15. Subject to an express reservation of rights, including, without limitation, the right to commence a declaratory judgment action seeking an adjudication that Navigators owes no coverage to Boothwyn in connection with the claims asserted in the AMC Action, Navigators has offered to appoint counsel to defend Boothwyn in the AMC Action.

## THE NAVIGATORS POLICY

16. The Navigators Policy delineates an effective period of 12/1/19 to 12/1/20.

17. In pertinent part, the Navigators Policy provides as follows regarding certain of its basic coverage grants:

> **A.** **Coverage A – Bodily Injury and Property Damage Liability:** The Company shall pay on behalf of the **Insured** all sums in excess of the Deductible amount stated in Item 6. of the Declarations, which the **Insured** shall become legally obligated to pay as **Damages** and related **Claims Expenses** as a result of **Claims** made against the **Insured** and reported to the Company pursuant to Section Claim Reporting Provision, for **Bodily Injury** or **Property Damage** to which this Coverage Part applies caused by an **Occurrence**, provided:
>
> > 1. the entirety of such **Bodily Injury** or **Property Damage** and **Occurrence** happens during the **Policy Period**; and
> >
> > 2. such **Bodily Injury** or **Property Damage** arises out of only those **Products**, goods, operations or premises specified in Item 8. of the Declarations.
>
> **B.** **Coverage B – Personal Injury and Advertising Injury Liability:** The Company shall pay on behalf of the **Insured** all sums in excess of the Deductible amount stated in Item 6. of the Declarations, which the **Insured** shall become legally obligated to pay as **Damages** and related **Claims Expenses** as a result of **Claims** made against the **Insured** and reported to the Company

pursuant to Section Claim Reporting Provision, for **Personal Injury** or **Advertising Injury** to which the Coverage Part applies caused by an offense, provided:

1. the entirety of such **Personal Injury** or **Advertising Injury** and offense happens during the **Policy Period;** and

2. such **Personal Injury** or **Advertising Injury** arises out of only those **Products**, goods, operations or premises specified in Item 8. of the Declarations.

18. The Navigators Policy also defines key terms in the cited basic coverage grants as follows:

> B. **Advertising Injury** means injury, including consequential **Bodily Injury,** arising out of oral or written publication of material that libels or slanders a person or organization or a person's or organization's **Products**, goods or operations or other defamatory or disparaging material, occurring in the course of the Named Insured's **Advertisement.**
>
> F. **Claim** means a demand for money or services received by the **Insured**, which intends to hold the **Insured** responsible for: (1) a **Bodily Injury**; (2) a **Property Damage**; (3) an **Advertising Injury**; or (4) a **Personal Injury**; involving this Coverage Part and shall include the service of suit or institution of arbitration proceedings against the **Insured.**
>
> I. **Damages** means the monetary portion of any judgment, award or settlement; provided, however, **Damages** shall not include: (1) punitive or exemplary damages or multiplied portions of damages in excess of actual damages, including trebling of damages; (2) taxes, criminal or civil fines, or attorneys' fees of a party other than an **Insured** or other penalties imposed by law; (3) sanctions; (4) matters which are uninsurable under the law pursuant to which this policy shall be construed; or (5) the return, restitution or payment of any fees, profits or charges for services rendered.
>
> Q. **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> R. **Personal Injury** means injury arising out of one of more of the following offenses:

1. false arrest, detention or imprisonment or malicious prosecution;

2. wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord, or lessor; or

3. oral or written publication of material that violates a person's right of privacy.

V. **Property Damage** means:

1. physical injury to or destruction of tangible property, including consequential loss of use thereof; or

2. loss of use of tangible property which has not been physically injured or destroyed; provided, however, such loss of use is caused by an **Occurrence.**

19. The Navigators Policy also delineates the following exclusions:

B. With respect to Coverage A, this Coverage Part does not apply to:

1. any **Claim** based upon or arising out of **Bodily Injury** or **Property Damage** expected or intended from the standpoint of the **Insured**; provided, however, this exclusion does not apply to **Bodily Injury** resulting from the use of reasonable force to protect persons or property;

C. With respect to Coverage B, this Coverage Part does not apply to:

1. any **Claim** based upon or arising out of **Personal Injury** or **Advertising Injury** caused by or at the direction of the **Insured** with the knowledge that the act would violate the rights of another and would inflict **Personal Injury** or **Advertising Injury.**

3. **Personal Injury or Advertising Injury** arising out of oral or written publication of material whose first publication took place before the beginning of the **Policy Period**.

4. any **Claim** based upon or arising out of **Personal Injury** or **Advertising Injury** arising out of any criminal act committed by or at the direction of the **Insured.**

6

## COUNT ONE
## (Declaratory Judgment)

20. Navigators repeats and incorporates by reference each of the foregoing paragraphs all as if fully set forth at length herein.

21. The Navigators Policy does not provide coverage for any property damage that did not occur during the effective period of the Navigators Policy.

22. Navigators owes no coverage to Boothwyn under Coverage A of the Navigators Policy in connection with the AMC Action because any alleged property damage at issue in the AMC Action was not caused by an occurrence within the meaning of the Navigators Policy.

23. In addition, Navigators owes no coverage to Boothwyn under Coverage A of the Navigators Policy in connection with the AMC Action because Exclusion B.1. applies to any property damage expected or intended from the standpoint of the insured.

24. Navigators owes no coverage to Boothwyn under Coverage B of the Navigators Policy in connection with the AMC Action because the AMC Complaint does not allege any personal injury or advertising injury within the meaning of the Navigators Policy.

25. Moreover, even if the AMC Complaint were interpreted to include allegations of personal injury, Exclusion C.1. would preclude any coverage under Coverage B of the Navigators Policy to the extent that Boothwyn was aware that sending a fax would result in personal injury.

26. Any potential coverage under the Navigators Policy is subject to all of the terms, definitions, conditions, exclusions and limits of liability delineated in the policy.

27. Without limitation, no coverage can apply under the Navigators Policy to the extent that any amounts awarded in the AMC Action do not constitute damages within the meaning of the Navigators Policy. Under the Navigators Policy, damages not including: (1) punitive or exemplary damages or multiplied portions of damages in excess of actual damages, including trebling of

damages; (2) taxes, criminal or civil fines, or attorneys' fees of a party other than an Insured or other penalties imposed by law; (3) sanctions; (4) matters which are uninsurable under the law pursuant to which this policy shall be construed; or (5) the return restitution or payment of any fees, profits or charges for services rendered.

28. Without limitation, no coverage can apply under the Navigators Policy with respect to any purported personal injury arising out of any material published prior to the policy's inception date.

29. Without limitation, no coverage can apply under the Navigators Policy with respect to any purported personal injury arising out of a criminal act.

WHEREFORE, Navigators requests a judgment in its favor against Boothwyn:

(i) Declaring that Navigators has no obligations to Boothwyn in connection with the claims asserted against Boothwyn in the AMC Action;

(ii) Awarding Navigators its fees and expenses in bringing this action; and

(iii) Awarding such other and further relief as this Court deems just and appropriate.

**Dilworth Paxson, LLP**

Attorneys for Plaintiff
Navigators Specialty Insurance Company


By: _/s/ Gerald D. Wixted_
     Gerald D. Wixted

April 5, 2021
Princeton, New Jersey